1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

9   AIMEE O'NEIL,

10        Plaintiff,

11   v.

12   CHARLENE O'NEIL,

13        Defendant.

Case No.: 2:20-cv-01050-JAD-DJA

**ORDER**

14        Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested

15   authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.  (ECF No. 1).  Plaintiff also

16   submitted a complaint.  (ECF No. 1-1).

17        **I.    *In Forma Pauperis* Application**

18        Plaintiff filed the affidavit required by § 1915(a).  (ECF No. 1).  Plaintiff has shown an

19   inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in*

20   *forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The Clerk's Office is further

21   **INSTRUCTED** to file the complaint on the docket.  The Court will now review Plaintiff's

22   complaint.

23        **II.    Screening the Complaint**

24        Upon granting an application to proceed *in forma pauperis*, courts additionally screen the

25   complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the

26   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

27   or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

28   When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the

1

1 complaint with directions as to curing its deficiencies, unless it is clear from the face of the
2 complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70
3 F.3d 1103, 1106 (9th Cir. 1995).

4       Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint
5 for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is
6 essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723
7 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim
8 showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*,
9 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it
10 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause
11 of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265,
12 286 (1986)). The court must accept as true all well-pled factual allegations contained in the
13 complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679.
14 Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do
15 not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from
16 conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.
17 Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted
18 by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal
19 construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

20       Federal courts are courts of limited jurisdiction and possess only that power authorized by
21 the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Pursuant to 28 U.S.C.
22 § 1331, federal courts have original jurisdiction over "all civil actions arising under the
23 Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when
24 federal law creates the cause of action or where the vindication of a right under state law
25 necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277
26 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the
27 "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal
28

1  question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*
2  *v. Williams*, 482 U.S. 386, 392 (1987).

3         Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil
4  actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000"
5  and where the matter is between "citizens of different States." Diversity jurisdiction requires
6  Plaintiff to be diverse from all named Defendants. *See* 28 U.S.C. § 1332.

7         In this case, Plaintiff generally alleges she was subject to harassment and hate crimes by
8  Defendant and goes on to cite various parts of Title 18 of the United States Code, which covers
9  crimes and criminal procedures. Such criminal allegations are not properly brought forth in a civil
10  complaint. *See Wiley v. California*, 2011 WL 6012423, *4 (E.D. Cal. Nov 30, 2011) (citing *Perry*
11  *v. Garcia*, 2010 WL 3633042, *12 (S.D.Cal. July 16, 2010) (stating that "murder and a violent
12  hate crime are criminal charges, not properly part of a civil action"); *Lorenz v. Managing Director,*
13  *St. Luke's Hosp.*, 2010 WL 4922267 (S.D.N.Y. Nov. 5, 2010); *Lee v. Lewis*, 2010 WL 5125327
14  (E.D.N.C. Oct.28, 2010)).

15         Moreover, Plaintiff cites diversity jurisdiction as the basis for subject matter jurisdiction
16  for federal court, but references people and events in various venues – Colorado, New York, and
17  Florida. As she also appears to seek injunctive relief and over $100,000 without any explanation
18  to the causes of action alleged, it is not clear that she can establish diversity jurisdiction. Indeed,
19  it is not the Court's job to laboriously search the complaint for factual assertions that could, in
20  theory, be used to support one legal claim or another. *See, e.g., Northwestern Nat'l Ins. Co. v.*
21  *Baltes*, 15 F.3d 660, 662 (7th Cir. 1994) ("District judges are not archaeologists. They need not
22  excavate masses of papers in search of revealing tidbits"). If the factual elements of a cause of
23  action are scattered throughout the complaint but are not organized into a "short and plain
24  statement of the claim," dismissal is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640
25  (9th Cir. 1988); *see also, Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

26         Although it is not clear that the deficiencies identified can be cured, the Court will allow
27  Plaintiff an opportunity to file an amended complaint to the extent she believes that she can state
28  a claim.

**III.    Conclusion**

Accordingly, **IT IS ORDERED** that:

1.  Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Plaintiff shall not be required to pre-pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2.  The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (ECF No. 1-1) on the docket.

3.  The complaint is **DISMISSED WITHOUT PREJUDICE** providing Plaintiff with leave to amend.  Plaintiff will have until **July 16, 2020**, to file an amended complaint, if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4.  **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.


Dated: June 17, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

4