**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Aimee O'Neil, | Case No. 2:20-cv-01050-JAD-DJA |
| Plaintiff | |
| v. | **Order Adopting Report and Recommendation and Dismissing Case** |
| Charlene O'Neil, | |
| Defendant | [ECF Nos. 5, 7] |

On June 17, 2020, the magistrate judge granted Plaintiff Aimee O'Neil's *in forma pauperis* application, screened her complaint, dismissed it as deficient, and gave her until July 16, 2020, to file an amended complaint.[1] The dismissal order advised O'Neil in bold that her failure to file a proper amended complaint by that deadline would result in a recommendation that her case be dismissed.[2] That July 16, 2020, deadline passed without an amended complaint, so—as warned—the magistrate judge issued a report and recommendation to dismiss this action because there are no viable claims on file.[3] The deadline for objections to that recommendation passed without objection or any request to extend the deadline to file one.[4] "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[5]

---

[1] ECF No. 3.

[2] *Id*. at 4.

[3] ECF No. 5.

[4] On August 5, 2020, the court received from O'Neil a motion for entry of default, which appears to ignore the magistrate judge's order and report and recommendation. *See* ECF No. 7.

[5] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

A court may dismiss an action based on a party's failure to prosecute her case or obey a court order.[6] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[7]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[8] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[9] and that warning was given here.[10] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

---

[6] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[7] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[8] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[9] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[10] ECF Nos. 3, 5.

Accordingly, IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 5] is ADOPTED** in full;

IT IS FURTHER ORDERED that **this action is DISMISSED,** and the Motion for Default **[ECF No. 7] is DENIED as moot.**

The Clerk of Court is directed to ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE.

Dated: August 5, 2020

_____
U.S. District Judge Jennifer A. Dorsey